UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X

YUK CHUN KWONG,

                Petitioner,

- against -

UNITED STATES OF AMERICA,

                Respondent.

- - - - - - - - - - - - - - - - - - - X

SUPPLEMENTAL REPORT AND RECOMMENDATION

CV 2001-4307 (SLT)(MDG)

GO, United States Magistrate Judge:

    In a report and recommendation dated October 22, 2004 ("Report"), this Court addressed, <u>inter alia</u>, the motion of Yuk Chun Kwong brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to vacate a judgment of the Court denying Mr. Kwong's petition for relief pursuant to 28 U.S.C. § 2255. In his petition, Mr. Kwong sought to modify his sentence in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), which the Honorable Reena Raggi, now of the Second Circuit Court of Appeals, denied on the record at a hearing on October 2, 2002. Mr. Kwong subsequently filed a Rule 60(b) motion arguing, <u>inter alia</u>, that his habeas counsel, Martin B. Adelman, was ineffective for initially refusing to file a habeas petition and because Mr. Adelman, who was also appellate counsel, had a conflict of interest when he later did file a petition seeking relief based on <u>Apprendi</u>. Report at 8-15.

    This Supplemental Report and Recommendation discusses the

recent decision of the Supreme Court in Gonzalez v. Crosby, 2005 WL 1469516, __ S. Ct. ___ (June 23, 2005), which is relevant to the treatment in the Report of some of petitioner's claims under Rule 60(b).

## **DISCUSSION**

In Gonzalez v. Crosby, the Supreme Court addressed the interplay between Rule 60(b) and the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Recognizing that although "AEDPA did not expressly circumscribe the operation of Rule 60(b)," the Court held that motions brought under Rule 60(b) are subject to the successive petition provisions in 28 U.S.C. §§ 2244(b)(1)-(3). 2005 WL 1469516, at *3-5. Thus, a court addressing a Rule 60(b) motion must first determine whether the motion is an application subject to the second or successive petition bar of 28 U.S.C. § 2244(b). Id. at *3-4. This determination requires consideration of the following:

> Under § 2244(b), the first step of analysis is to determine whether a 'claim presented in a second or successive habeas corpus application' was also 'presented in a prior application.' If so, the claim must be dismissed; if not, the analysis proceeds to whether the claim satisfies one of two narrow exceptions. In either event, it is clear that for purposes of § 2244(b) an 'application for habeas relief is a filing that contains one or more 'claims.'

Id. at *4.

The Supreme Court cautioned against permitting new "claims couched in the language of a true Rule 60(b) motion" to be used to "circumvent[] AEDPA's requirement that a new claim be

dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." Id. at *4.  On the other hand, when a Rule 60(b) motion does not present a "claim," then the motion should not "be treated like a habeas corpus application." Id. at *5.  As the Court further explained, such is the case "[i]f neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction..." Id. at *5.

Applying this analysis, the Supreme Court specifically considered whether the claims raised in the Rule 60(b) motion in Harris v. United States, 367 F.3d 74 (2d Cir. 2004), constitutes a "habeas application" under § 2244.  Gonzalez, 2005 WL 1469516, at *4-5.  As the Court noted, the petitioner in Harris, as in this action, claimed ineffective assistance of habeas counsel in omitting certain claims.  Gonzalez, 2005 WL 1469516, at *4.  The Supreme Court found that the motion in Harris was one "that seeks to add a new ground for relief" and therefore was a "claim" subject to the successive petitions bar of AEDPA.  Id. at *4-5. Although the Supreme Court in Gonzalez v. Crosby expressly limited its decision to petitions brought under 28 U.S.C. § 2254, id. at *3 n.3,[1] the holding is relevant to the determination

---

[1] As the Court observed, 28 U.S.C. § 2255 contains and incorporates provisions governing second or successive petitions that are similar, but not identical, to the provisions in § 2244(b) that govern second or successive state habeas petitions brought under § 2254.  Gonzalez, 2005 WL 1469516, at *3 n.3.  A primary difference pertains to the grounds for review.  Compare 28 U.S.C. § 2255, last paragraph with 28 U.S.C. § 2244(b)(2). Other differences may also stem from the requirement that a person in state custody exhaust state remedies prior to bringing
(continued...)

whether a Rule 60(b) motion constitutes a "claim presented in a second or successive habeas corpus application" and therefore subject to the limitations for such claims.  The Second Circuit has consistently emphasized that "'there is no material difference between § 2254 and § 2255' with respect to the gatekeeping requirements applicable to 'second or successive' petitions under AEDPA."  Villaneuva v. United States, 346 F.3d 55, 60 n.1 (2d Cir. 2003) (quoting Torres v. Senkowski, 316 F.3d 145, 151 & n.1 (2d Cir. 2003) and citing cases); see also Gitten v. United States, 311 F.3d 529, 532 (2d Cir. 2002) (citing both state and federal habeas cases in discussing relationship between Rule 60(b) motion and the restrictions on second or successive collateral attack).  Indeed, Harris was a proceeding under § 2255, while Gonzalez was brought under § 2254.

Relying on Harris, this Court concluded in the Report that the portion of petitioner's motion regarding ineffective assistance of habeas counsel was properly brought under Rule 60(b) since arguments concerning representation "'arguably attack[] the integrity of [petitioner's] habeas proceeding.'"  See Report at 8-9 (quoting Harris, 367 F.3d at 80).[2]  We thus

---

[1](...continued)
a habeas petition.  See 28 U.S.C. § 2254(b)(1).

[2] In Harris, the Second Circuit noted that "Harris's counsel has carefully recast his habeas petition as a Rule 60(b) motion" to challenge habeas counsel's failure to raise an ineffectiveness of Harris's appellate counsel claim, but nonetheless found that the motion "arguably attacks the integrity of Harris's habeas proceeding..." and should therefore be considered on the merits under Rule 60(b).  Harris, 367 F.3d at 80.

-4-

analyzed the petitioner's claims regarding the effectiveness and conduct of his habeas counsel under Rule 60(b) and recommended denial of the motion to vacate for failing to satisfy the requirements of Rule 60(b). See Report at 10-15.

Applying the analysis in Gonzalez, this Court now finds concludes that the ineffective assistance of counsel claims cannot be properly brought under Rule 60(b) and therefore should be treated as a "second or successive motion" under § 2255. The contention that habeas counsel omitted claims or failed to file a timely petition originally is essentially the same type of claim asserted in Harris that the Supreme Court in Gonzalez found was not properly brought under Rule 60(b). Petitioner's argument based on the conflict of interest of habeas counsel fares no better, since he makes that contention to justify his delay in filing a timely habeas petition following direct appeal. Ultimately, petitioner seeks only to assert claims that challenge his underlying conviction rather than the integrity of Judge Raggi's decision denying the petition. As the Supreme Court observed, "an attack based on the movant's own conduct, or his habeas counsel's omissions, ... ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." Gonzalez, 2005 WL 1469516, at *5 n.5.

If the ineffective assistance of counsel claims are treated as a "second or successive motion," then none of the claims brought by the petitioner in his motions can properly be considered under Rule 60(b). Because I previously found that the

analyzed the petitioner's claims regarding the effectiveness and conduct of his habeas counsel under Rule 60(b) and recommended denial of the motion to vacate for failing to satisfy the requirements of Rule 60(b). See Report at 10-15.

Applying the analysis in Gonzalez, this Court now finds concludes that the ineffective assistance of counsel claims cannot be properly brought under Rule 60(b) and therefore should be treated as a "second or successive motion" under § 2255. The contention that habeas counsel omitted claims or failed to file a timely petition originally is essentially the same type of claim asserted in Harris that the Supreme Court in Gonzalez found was not properly brought under Rule 60(b). Petitioner's argument based on the conflict of interest of habeas counsel fares no better, since he makes that contention to justify his delay in filing a timely habeas petition following direct appeal. Ultimately, petitioner seeks only to assert claims that challenge his underlying conviction rather than the integrity of Judge Raggi's decision denying the petition. As the Supreme Court observed, "an attack based on the movant's own conduct, or his habeas counsel's omissions, ... ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." Gonzalez, 2005 WL 1469516, at *5 n.5.

If the ineffective assistance of counsel claims are treated as a "second or successive motion," then none of the claims brought by the petitioner in his motions can properly be considered under Rule 60(b). Because I previously found that the

analyzed the petitioner's claims regarding the effectiveness and conduct of his habeas counsel under Rule 60(b) and recommended denial of the motion to vacate for failing to satisfy the requirements of Rule 60(b). See Report at 10-15.

Applying the analysis in Gonzalez, this Court now finds concludes that the ineffective assistance of counsel claims cannot be properly brought under Rule 60(b) and therefore should be treated as a "second or successive motion" under § 2255. The contention that habeas counsel omitted claims or failed to file a timely petition originally is essentially the same type of claim asserted in Harris that the Supreme Court in Gonzalez found was not properly brought under Rule 60(b). Petitioner's argument based on the conflict of interest of habeas counsel fares no better, since he makes that contention to justify his delay in filing a timely habeas petition following direct appeal. Ultimately, petitioner seeks only to assert claims that challenge his underlying conviction rather than the integrity of Judge Raggi's decision denying the petition. As the Supreme Court observed, "an attack based on the movant's own conduct, or his habeas counsel's omissions, ... ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." Gonzalez, 2005 WL 1469516, at *5 n.5.

If the ineffective assistance of counsel claims are treated as a "second or successive motion," then none of the claims brought by the petitioner in his motions can properly be considered under Rule 60(b). Because I previously found that the

ineffective assistance of counsel claims, but not the other claims, were properly brought under Rule 60(b), I recommended that the Court follow the procedure recommended by the Second Circuit in <u>Gitten</u>, 311 F.3d 529, and give the petitioner an opportunity to withdraw the other claims. Report at 22-24. Otherwise, petitioner risked having his other claims re-characterized as "second or successive" and transferred to the Second Circuit for review under stricter gate-keeping standards. <u>Id.</u>

In response to the Report, petitioner has simply requested the Court to adjudicate the merits of his claims, being neither willing to withdraw the new claims nor amenable to transfer of the claims to the Second Circuit. <u>See</u> Petitioner's Response and Rebuttal to U.S. Magistrate Marilyn D. Go's Report and Recommendation at 11 (ct. doc. 30). Having been warned of the risks of presenting successive claims and chosen not to avail himself of the opportunity to withdraw and reformulate his claims, it makes little sense to delay consideration of whether petitioner should be permitted to bring a second or successive motion herein.

<u>Gonzalez</u> is also instructive as to the strict application of Rule 60(b)(6), particularly the high standard of proof required for establishing "extraordinary circumstances" for relief under that clause. The <u>pro</u> <u>se</u> petitioner in that case brought a Rule 60(b)(6) motion to challenge the District Court's dismissal of his habeas petition on statute of limitations grounds. Applying the then-prevailing Eleventh Circuit precedent that there is no

tolling of the AEDPA limitations period while a petitioner pursues state post-conviction remedies, the District Court denied the petition as time-barred. Half a year later, the Supreme Court held in Artuz v. Bennett, 531 U.S. 4 (2000) that tolling did apply. Nonetheless, the Supreme Court found that Gonzalez failed to meet the extraordinary circumstances of Rule 60(b)(6) due to his lack of diligence in not seeking review of the District Court's denial. Gonzalez v. Crosby, 2005 WL 1469516, at *7. Mr. Kwong's failure to file his own habeas petition after Mr. Adelman initially refused to do so similarly fails to satisfy the stringent standard of Rule 60(b). Id.; see also Report at 13, 18, 20. For the same reason, the circumstances here are not sufficient to constitute "extraordinary circumstances" justifying equitable tolling. Report at 19-21.

**CONCLUSION**

For the foregoing reasons, I amend the prior recommendations set forth in the prior Report and respectfully recommend that the Court transfer all of the petitioner's motions to the Second Circuit in their current form for determination whether petitioner should be granted leave to file the motions as a second or successive petition.

Copies of this report and recommendation have been mailed to the parties listed herein on this date. Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, by August 5, 2005. Failure to file objections within the specified time waives the

right to appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

SO ORDERED.

Dated: Brooklyn, New York
July 13, 2005

_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE

Copies to:

Yuk Chun Kwong, Petitioner
F.C.I. Schuylkill
P.O. Box 759
Minersville, PA 17954


Counsel for Respondent
Margaret Friedberg, Esq.
Assistant United States Attorney (Of Counsel)
United States Attorney's Office, Eastern District of New York
156 Pierrepont Street
Brooklyn, NY 11201