```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Yuk Chun Kwong,

                    Plaintiff,                    01 CV 4307 (SLT) (MDG)

        -against-
                                                  MEMORANDUM
                                                  & ORDER
United States of America,

                    Defendant.
------------------------------------------------------------X
```
TOWNES, District Judge:

Petitioner *pro se*, Yuk Chun Kwong ("Petitioner") brings three motions pursuant to Rule 60(b) of the Federal Rules of Civil Procedure seeking relief from the district court's judgment in a 28 U.S.C. § 2255 proceeding entered on October 15, 2002. (*See* Dkt. Nos. 19; 25; 26.) By order dated September 12, 2003, this Court (Raggi, J.)[1] consolidated Petitioner's motions and referred them to United States Magistrate Judge Marilyn D. Go. On October 22, 2004, Judge Go recommended that Petitioner's motion be denied in part and, with respect to the issues not raised in his habeas petition, transferred to the Second Circuit Court of Appeals for certification as to whether those claims should be treated as a second or successive habeas petition.[2] Petitioner filed timely objections to Judge Go's Report and Recommendation.

On June 23, 2005, while Petitioner's objections were pending in front of this Court, the Supreme Court announced its decision in *Gonzalez v. Crosby*, 2005 WL 1469516, 125 S.Ct. 2641 (June 23, 2005), in which it discussed the effect of the provisions regarding second or successive petitions in the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(b) on motions to vacate pursuant to Rule 60(b). Three weeks later, in light of this recent decision,

---

[1] Judge Raggi was elevated to the Second Circuit Court of Appeals on September 12, 2002.

[2] Hereafter, this Report and Recommendation is referred to as the "Report."

Judge Go issued a supplemental Report and Recommendation (the "Supplemental Report") in which she recommended that this Court transfer all of Petitioner's claims to the Second Circuit in their current form for determination whether he should be granted leave to file the motions as a second or successive petition. Although the parties had until August 5, 2005 to object to the Supplemental Report, neither party filed objections with the Court. However, since Petitioner appears pro se, this Court has decided to consider his original objections in light of the Supplemental Report.

*Standard of Review*

A district court judge may designate a magistrate to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion. *See* 28 U.S.C. § 636(b)(1). Within ten days of service of the recommendation, any party may file written objections to the magistrate's report. *See id.* Upon *de novo* review of those portions of the record to which objections were made, the district court judge may affirm or reject the recommendations. *See id.*

The Court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985). In addition, failure to file timely objections operates as a waiver of the right to appeal this Court's Order. *See* 28 U.S.C. § 636(b)(1); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

*Petitioner's Consolidated Motion and Objections*

Petitioner raises four claims on the instant consolidated motion. First, he challenges the effectiveness of his habeas counsel. Second, he argues that his conviction on Count Two of the Indictment for his participation in a racketeering conspiracy should have been overturned

because of a failure of proof regarding overt acts and for ineffective representation. Third, he challenges the effectiveness of trial counsel, focusing on his attorney's failure to request a jury charge relating to Count Two of his indictment. Fourth, he claims that Judge Raggi improperly dismissed his claim as untimely because his attorney's conduct merits equitable tolling. In the Report, Judge Go addressed Petitioner's first and fourth claims on the merits, and recommended that his motion be dismissed. With respect to the second and third claims, she recommended that they be transferred to the Second Circuit for certification as "second or successive" petitions. In the Supplemental Report, Judge Go recommended that his first and fourth claims also be transferred to the Second Circuit.

Petitioner also requests leave to amend his motion to assert a claim that his sentence violates *Blakely v. Washington*, 542 U.S. 296 (2004), because Judge Raggi, as opposed to the jury, made factual determinations when determining his sentence. Judge Go recommended that the Court treat this request as a separate motion to vacate. She then recommended that the Court deny that motion because *Blakely* does not apply retroactively and, even if Judge Raggi corrected the jury's verdict, there would be no change in the sentencing guidelines range for his crime.

In his objections, Petitioner raises five arguments. First, he claims that despite Judge Go's recommendation, his petition was entitled to equitable tolling. Second, he objects to Judge Go's recommendation on his claim of ineffective assistance of counsel claim. Third, he objects to the denial of his motion to amend. Fourth, he repeats his claim that the jury charge in his case was improper. Finally, he appears to argue that Judge Go treated his entire motion as a second or successive petition, and states that he does not wish to withdraw his motion or have it transferred to the Second Circuit.

Since Petitioner did not object to the Supplemental Report, his objections to Judge Go's

recommendation on his ineffective assistance and, in turn, equitable tolling claims, are now moot and will not be addressed. Similarly, Judge Go treated his claim regarding the jury charge as part of his ineffective assistance of counsel claim, which she recommended be transferred to the Second Circuit in the Supplemental Report. Accordingly, only his third and fifth objections remain before the Court.

*Standard of Review on a Motion to Vacate a Judgement Pursuant to Rule 60(b)*

Petitioner brings his claims pursuant to Rule 60(b), subsections (1) and (6). Subsection (1) states that parties can be relieved from final judgment for the reasons of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "The relief sought pursuant to 60(b)(1) is addressed to mistake, inadvertence, surprise, or excusable neglect in connection with the habeas proceeding and not the trial at which the habeas proceeding is aimed." *Stantini v. United States*, 268 F. Supp. 2d 169, 178 (E.D.N.Y. 2003) (Glasser, J.) (citing *Rodriguez v. Mitchell*, 252 F.3d 191, 198-99 (2d Cir. 2001)). Subsection (b)(6) provides relief "for any other reason." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) is available only under "extraordinary circumstances" or "extreme hardship." *See Harris v. United States*, 367 F.3d 74, 80 (2d Cir. 2004).

*Blakely* Claim

Petitioner claims that Judge Go erred by denying his motion to amend his motion to vacate to include a claim based on *Blakely*. Judge Go initially recommended that the Court deny this request because she recommended dismissal of Petitioner's other claims, and therefore a pleading which he could amend no longer existed. (Report at 24.) However, she then found that this argument may have been made in support of a claim asserted in his habeas petition; that is, his *Blakely* claim may have been made to bolster his claim that under *Apprendi v. New Jersey*,

4

530 U.S. 466 (2000), a jury, and not the Court, should have made the factual findings upon which his sentence is predicated. As a result, following *Sperling v. United States*, 2003 WL 21511930, at *16 (S.D.N.Y. July 1, 2002), she treated the motion to amend as a separate motion to vacate pursuant to Rule 60(b)(4)[3] and (b)(6). Addressing the merits of Petitioner's request, she recommended that the motion to vacate be denied because since *Blakely*, like *Apprendi*, changed a procedural rule, it was not to apply retroactively. (*See* Report at 25-28.) The Second Circuit has agreed and ruled that *Blakely* does not apply retroactively to cases on collateral review. *Carmona v. United States*, 390 F.3d 200, 202 (2d Cir. 2004). Petitioner's objections are therefore overruled.

*Transfer of Motion*

In the Report, following the procedure set out in *Gitten v. United States*, 311 F.3d 529 (2d Cir. 2002), Judge Go recommended that with respect to Petitioner's claims that challenged his underlying conviction, the district court inform Petitioner of its intent to transfer them to the Second Circuit for certification as a second or successive attack as defined in 28 U.S.C. 2244(b), thereby giving him an opportunity to withdraw and refile them as a separate collateral attack. (Report at 22-24.) In his objections, Petitioner states that he does not want to withdraw his motion or have it transferred to the Second Circuit. (*See* Petitioner's Response and Rebuttal to U.S. Magistrate Marilyn D. Go's Report and Recommendation at 1, 10.) Rather, he requests that this Court give his motion "full consideration" and decide it on the merits. *Id.* In the Supplemental Report, Judge Go responds that since Petitioner has been "warned of the risks of presenting successive claims and chose not to avail himself of the opportunity to withdraw and

---

[3] Under subsection (b)(4), the Court may relieve a party from a judgment if it is "void." Fed. R. Civ. P. 60(b)(4).

5

reformulate his claims, it makes little sense to delay consideration of whether petitioner should be permitted to bring a second or successive motion herein." (Supplemental Report at 6.)

The Court is in agreement with Judge Go for two reasons. First, Judge Go's recommendation that the claims presented on his motion attack Petitioner's conviction as opposed to the integrity of his habeas proceeding are in accord with the Supreme Court's decision in *Gonzalez*; in other words, his Rule 60(b) motion does assert or reassert claims of error in his conviction, and therefore should be treated as a second or successive petition under 28 U.S.C. § 2244(b)(3). *See Gonzalez*, 125 S.C. at 2651. Thus, pursuant to the habeas corpus statute governing Petitioner's writ, these claims "must be certified as provided in section 2244" by the Second Circuit before this Court can address their merits. *See* 28 U.S.C. § 2255. Second, Petitioner has been afforded an opportunity to withdraw his motion as required by *Gitten*. *See* 311 F.3d at 534. Accordingly, rather than take an opportunity to withdraw his claims, Petitioner has requested that this Court do something that it is not empowered to do–hear his claims on the merits. The Court declines to do so, and his claims will be transferred to the Second Circuit.

Upon review of the Report and the Supplemental Report and Defendant's objections, this Court adopts and affirms both the Report and the Supplemental Report of Magistrate Judge Go. The Clerk of the Court is directed to transfer Petitioner's motion to the Second Circuit Court of Appeals for determination as to whether the claims presented are second or successive petitions as defined in 28 U.S.C. § 2244(b).

**SO ORDERED.**

/ SANDRA L. TOWNES
UNITED STATES DISTRICT JUDGE

Dated: August 22, 2005
Brooklyn, NY