FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★  FEB 2 7 ??  ★

P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
YUK CHUN KWONG,

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------x

**MEMORANDUM and ORDER**

01-CV-4307 (SLT)

**TOWNES, United States District Judge:**

Petitioner *pro se*, Yuk Chun Kwong, a/k/a Kwong Yuk Chun, brings this motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, seeking to "re-open" an October 2, 2002, judgment of this Court which denied his motion to vacate that conviction pursuant to 28 U.S.C. § 2255. For the reasons set forth below, this motion is DENIED. However, since this motion might arguably be construed as a second or successive § 2255 motion, the Clerk of Court is directed to transfer this case to the United States Court of Appeals for the Second Circuit in the interest of justice pursuant to 28 U.S.C. § 1631.

## BACKGROUND

In July 1995, petitioner was convicted before the Honorable Reena Raggi of racketeering conspiracy and conspiracy to distribute heroin, and was sentenced to two concurrent terms of 360 months. In June 2001, more than two and one-half years after the Second Circuit affirmed petitioner's conviction, petitioner filed a motion pursuant to 28 U.S.C. § 2255, seeking to modify his conviction in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

On October 2, 2002, Judge Raggi denied petitioner's § 2255 motion. Judge Raggi held that the motion was timely, because it was filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court" in *Apprendi*. However, Judge Raggi

denied the motion, holding (1) that petitioner was procedurally barred from bringing the claim because he did not raise the *Apprendi* issue on direct appeal, (2) that *Apprendi* does not apply retroactively, and (3) that any error would, in any event, be harmless because it would not reduce petitioner's total sentence.

Between September 2003 and August 2004, petitioner filed three *pro se* motions pursuant to Fed. R. Civ. P. 60(b), all of which purported to seek relief from the October 2002 judgment denying the § 2255 motion. By order dated August 22, 2005, this Court adopted Magistrate Judge Go's recommendation that these motions be transferred to the Second Circuit as second or successive § 2255 motions. The Second Circuit has not yet ruled on whether to grant petitioner a certificate permitting him to file a second or successive motion with this Court.

More than two months after this Court issued its August 2005 transfer order, petitioner filed the instant *pro se* motion – his fourth motion pursuant to Fed. R. Civ. P. 60(b). Principally relying on *United States v. Cordoba-Murgas*, 422 F.3d 65 (2d Cir. 2005), petitioner argues that "the United States lacked subject matter jurisdiction for the indictment and sentence it imposed" and that, since "jurisdiction is a non-waivable argument[,] . . . this court could not deny Petitioner's motion for filing late on an *Apprendi* like claim." Defendant's Motion Pursuant to Federal Rules of Civil Procedure Rule 60(b)(1-6) ("Pet. Mot."), at 2.

## DISCUSSION

Since this is petitioner's fourth motion pursuant to Rule 60(b), it is apparent that petitioner does not fully understand the function of this rule. Rule 60(b) "may not be used as a substitute for a timely appeal." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). Similarly, Rule 60(b) "is not designed to afford occasion for a moving party who is unhappy with the decision regarding the initial motion to reargue matters already fully considered and rejected by

2

the Court." *Manley v. Thomas*, 265 F.Supp.2d 363, 365 (S.D.N.Y. 2003). Since final judgments "should not be lightly reopened," Rule 60(b) is properly "invoked only upon a showing of exceptional circumstances." *Nemaizer*, 793 F.2d at 61 (internal quotations and citations omitted).

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a *limited* set of circumstances . . . ." *Gonzalez v. Crosby*, ___U.S.___, 125 S.Ct. 2641, 2645 (2005) (emphasis added). "Relief under Rule 60(b) is limited to one of the six grounds specified in the rule . . . ." *Kotlicky v. U.S. Fidelity & Guar. Co.*, 817 F.2d 6, 8-9 (2d Cir. 1987). These grounds are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Clause (6) is "properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1) - (5) . . . ." *Nemaizer*, 793 F.2d at 63.

All motions pursuant to Rule 60(b) must be filed "within a reasonable time." Fed. R. Civ. P. 60(b); *Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir. 2001). Moreover, Rule 60(b) specifically provides that motions made under clauses (1), (2) or (3) must be filed "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

Petitioner does not specify the clause on which he relies, characterizing this as a motion pursuant to "Rule 60(b)(1-6)." *See, e.g.*, Pet. Mot. at 2. However, the motion states that "defendant's main reliance is deeply rooted in *United States v. Cordoba [-Murgas]*," *id.* at 5, and

3

cites to other recent case law. Since the motion thus appears to be asserting that Judge Raggi was mistaken on the law, this motion appears to be brought pursuant to Rule 60(b)(1).

If this motion is brought pursuant to Rule 60(b)(1), it is untimely because it was not filed within one year of entry of Judge Raggi's October 2002 judgment denying petitioner's § 2255 motion. *See* Fed. R. Civ. P. 60(b). However, even if this motion were not brought pursuant to clause (1), but pursuant to clauses (4), (5) or (6), it would still be untimely because it was brought almost three and one-half years after Judge Raggi entered judgment. The Second Circuit has expressly held "that three and one-half years from the date judgment was entered is [not] a reasonable time." *Rodriguez*, 252 F.3d at 201.

Even if the motion were timely, this Court would deny it because it is utterly without merit. To sustain a motion pursuant to Rule 60(b)(1), the movant must show that there are "factual matters or controlling decisions that the Court may have overlooked in reaching the ruling challenged." *Manley*, 265 F.Supp.2d at 364; *see also Spira v. Ashwood Financial, Inc.*, 371 F.Supp.2d 232, 236 (E.D.N.Y. 2005) (quoting *Badian v. Brandaid Communications Corp.*, No. 03 Civ. 2424 (DC), 2005 WL 1083807, at *2 (S.D.N.Y. May 9, 2005)). However, *Cordoba-Murgas* and the other cases on which petitioner principally relies cannot have been overlooked; these cases were not only decided well after Judge Raggi issued her judgment, but one of them – *United States v. Gonzalez*, 420 F.3d 111 (2d Cir. 2005) – was actually authored by Judge Raggi herself in her new role as Circuit Court Judge. Moreover, these cases are based on *Apprendi*, which Judge Raggi held did not apply retroactively. These cases could not reasonably be expected to alter the court's decision and, accordingly, petitioner's Rule 60(b) motion is denied.

4

However, this Court recognizes that *pro se* Rule 60(b) motions sometimes contain imbedded habeas "claims." *See Gonzalez*, 125 S.Ct. at 2647. The Supreme Court recently observed that "a motion . . . contend[ing] that a subsequent change in substantive law is a reason justifying relief . . . from the previous denial" of a habeas petition may be "in substance a successive habeas petition and should be treated accordingly." *Id.* (internal quotation marks and citations omitted). Since petitioner is at least implying that the cases he cites change the substantive law, this Court will, in an abundance of caution, construe this motion as a second or successive § 2255 motion and will transfer this motion to the Second Circuit in the interest of justice. *See* 28 U.S.C. §§ 2255 and 2244(b)(3).

## CONCLUSION

For the reasons set forth above, petitioner's motion pursuant to Fed. R. Civ. P. 60(b) to "reopen" his § 2255 motion is hereby DENIED. Since this motion might arguably be construed as raising a new claim for habeas relief, and might therefore be construed as a second or successive § 2255 motion, the Clerk of Court is directed to transfer this case to the United States Court of Appeals for the Second Circuit in the interest of justice pursuant to 28 U.S.C. § 1631. That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a five-day delay is waived.

**SO ORDERED.**

/s/
SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
February 8, 2006